JOSEPH HARRINGTON *versus* JOSEPH BROWN.

Where land sold by an administrator under a license of court, is purchased by th
administrator himself, the sale is not void; and if voidable, it is only by persons
interested in the intestate's estate, and not by a stranger.

Where letters of administration have been granted in any county on the estate of a
person dying without the commonwealth, parol evidence is admissible to show that
the deceased left estate within such county, and so the grant of administration was
valid, notwithstanding that no such estate was included in the inventory exhibited
to the judge of probate.

THIS was a complaint before a justice of the peace, found-
ed upon *St.* 1825, *c.* 89, in which the complainant alleged,
that the defendant was in possession of one half of a certain
dwellinghouse without law and against the right of the com-
plainant.   The defendant pleaded soil and freehold in himself,
and traversed the complainant's allegation above stated ;
whereupon the complaint was removed to the Court of Com-
mon Pleas, whence it was brought by appeal to this Court.
The complainant replied, protesting that the soil and freehold
were not in the defendant, that the defendant was in posses-
sion without law and against the complainant's right, and there-
upon issue was joined.

At the trial, before *Morton* J., the complainant, to prove
his title, produced a letter of administration appointing him
administrator of the estate of John Clapham deceased, dated
February 14, 1825, granted by the judge of probate for the
county of Suffolk ; — an order from the same judge author-
izing the complainant to sell real estate of Clapham to the
amount of 3083 dollars ; — a deed from the complainant as
administrator, dated June 22, 1825, by which, in considera-
tion of 700 dollars, he conveyed the whole of the parcel in
question to one Wainwright ; — and a deed of sale and re-
.ease of the same date from Wainwright to the complainant,
in which the consideration was one dollar.

It was admitted by the complainant, that Wainwright bid
off the land for him and at his request, and never in fact paid
any thing for it, the complainant being accountable for the
consideration as administrator.   The defendant objected that

527

Harrington
v.
Brown.

this sale was void, and that nothing passed by these deeas but the objection was overruled.

The defendant then contended, that the grant of administration was void for want of jurisdiction in the judge of probate of the county of Suffolk, because Clapham, who died in the island of Berbice, did not leave any property within that county ; and he produced an inventory dated March 28, 1825, returned by the complainant, which contained real estate in the counties of Worcester and Norfolk, but no other property.

The complainant offered to prove by parol evidence, that Clapham did leave certain chattels in Boston, in the county of Suffolk, at the time of his decease. This was objected to by the defendant, but was admitted ; and it was testified that Clapham left Boston about twenty years before his decease, leaving with his wife furniture and plate, of which there remained in her possession in Boston, at the time of his decease, certain articles which she afterwards sold and used the proceeds as her own.

The jury returned a verdict for the complainant ; but if any of the foregoing determinations of the judge was wrong, a new trial was to be granted, otherwise judgment was to be rendered upon the verdict.

*Nov. 1st.*

*Leland,* for the defendant, insisted that the *St.* 1783, *c.* 32 does not authorize a sale by an administrator to himself ; th generally, where a trustee is empowered to sell, he cannot be the purchaser. *Munro* v. *Allaire,* 2 Caines's Cas. in Err. 183

On the point of jurisdiction he referred to *St.* 1817, *c.* 190, § 16, and contended, that as by law the administrator was bound to return a true inventory of all the estate of the intestate, he should not be allowed to show by parol evidence, that property existed in Suffolk which he had neglected to insert in the inventory ; 3 Stark. Ev. 1043 ; and that in the case of a person dying without the commonwealth, it must be discovered that he left property in some county, and this fact must be represented to the judge of probate for such county, before he can grant administration ; and if after administration is granted, it appears by the inventory returned that no property was left within his county, he must revoke the letters of administration.

*Richardson* and *Harrington*, *contrà*, to show that the sale was legal, and that at any rate its validity could not be called in question by a stranger, cited *Dawes* v. *Boylston*, 9 Mass. R. 353 ; *Knox* v. *Jenks*, 7 Mass. R. 492.

*Per Curiam.* The first objection on the part of the defendant is, that the conveyance from the administrator to himself is void. No authority to that effect has been cited. It could not be avoided at common law, unless accompanied with fraud. The mere fact of the administrator's being the purchaser does not prove fraud, for he may have purchased for the benefit of all concerned in the estate. The principle of courts of equity in England might be applied here, to make the purchaser hold as trustee for the heirs, and to compel him to sell the land and pay the excess obtained above what he gave for it ; but that proceeds on the ground that the conveyance to the trustee was not void, but voidable by the persons interested in the estate. If they are satisfied with the conveyance, the validity of it cannot be impeached by a stranger.[1]

Next, it is objected that the letters of administration were not properly granted in the county of Suffolk. The *St.* 1817, *c.* 190, § 16, provides that when a person dying intestate without the commonwealth, shall leave estate of any description within the same to be administered, the judge of probate of any county wherein such estate shall be found, shall have power to grant letters of administration, which shall extend to all the estate of such intestate within the commonwealth.[2] In the case of Picquet, the son of a Frenchman who died in France, it was held that a debt, which cannot be considered as property in any county till collected, was sufficient to authorize a grant of administration, within the general words of the statute. (*See Picquet, Appellant &c., ante, p.* 66.) Here there were some articles of furniture and plate in Suffolk, though of small value, and the right of demanding them of the wife would give jurisdiction to the judge of probate of that county. Any thing corresponding with *bona notabilia* in England would be sufficient for that purpose.

Harrington
v.
Brown.

*Nov.* 2d.

---

[1] See 1 Story on Equity, 316 to 319 ; Revised Stat. *c.* 71, § 39.
[2] See Revised Stat. *c.* 64, § 3.

Harrington
v.
Brown.

It is said, however, that parol evidence is not admissible to prove that the intestate left property within any county. But it is not necessary for the judge of probate to wait till he has satisfactory evidence before him of that fact. He is to grant letters of administration on a representation that there is property. If the representation should prove incorrect, the letters will be vacated ; but if, on the other hand, it shall appear that there was property, they will have effect.

*Judgment according to verdict.*