WILLIAM WELCH, Administrator, etc., Respondent, *v.* THE
NEW YORK CENTRAL RAILROAD COMPANY Appellant.

Where letters of administration have been granted upon the estate of one
dying intestate in the county of the surrogate, the *onus* is upon one dis-
puting the title and authority of the administrator to show a want of
jurisdiction in the surrogate to grant the letters.

(Argued May 16, 1873; decided May 27, 1873.)

THIS was an action brought to recover damages for the
death of plaintiff's intestate, John Welch, alleged to have
been occasioned by the negligence of defendant. Defendant
questioned plaintiff's title and authority to sue, upon the
ground that the surrogate of Albany county, who granted the
letters of administration, had no jurisdiction. Welch, the
deceased, was killed while crossing defendant's track, in
the city of Albany, he being struck by a train of cars. The
granting of letters of administration to plaintiff was admitted
upon the trial, and the production thereof waived. The evi-
dence showed that deceased was a native of Ireland. In 1861,
he removed with his parents, brothers and sisters to the Cape
of Good Hope, where his father died. He came to New
York in 1868, with two brothers, one twelve and the other
fourteen years of age, leaving his mother and two sisters, for
whom he provided at the Cape. He remained in New York
and Brooklyn for a while. He came to Albany the day before

his death. He was a laboring man, unmarried, and had no other home, save where he happened to be boarding. The court, upon the trial, refused to nonsuit plaintiff. *Held*, no error; that a *prima facie* jurisdiction in the surrogate was conceded, and a *prima facie* title in plaintiff established, and the burden of overcoming this *prima facie* case and of affirmatively showing want of jurisdiction was with defendant; that the evidence was not such as to authorize the court to decide as matter of law that deceased was an inhabitant of this State; and as no particular amount of assets was necessary to give the surrogate jurisdiction, the evidence came short of proving that he did not leave assets in Albany county.

A question of contributory negligence, on the part of the deceased, was also raised; but the court held that, under the evidence, it was a question of fact for the jury.

*Samuel Hand* for the appellant.

*Henry Smith* for the respondent.

ALLEN, J., reads for affirmance.
All concur.
Judgment affirmed.