DeWITT C. WHEELER, *Administrator, &c.*, v. THE ST. JOSEPH & WESTERN RAILROAD COMPANY.

1. ESTATE OF MINOR; *Administration*. Letters of administration may be granted upon the estate of a minor, as well as upon the estate of any other person.

2. MINOR, *Property Owned by — When Not*. A minor may own property, the same as any other person. He may obtain it by inheritance, by gift, or by purchase; and there is nothing in the law that would prevent even a father from giving property to his minor child. A father may also so emancipate his minor child as to entitle him to receive his own wages. Where a minor child lives with his father, and is supported by him, all things given to the child in the way of support, such as clothing, for instance, would still belong to the father, and not to the child; but things given by the father to the child, not in the way of support, but with the understanding that they should become the property of the child, would undoubtedly become the property of the child; and while the child's clothing, furnished by the father, generally belongs to the father, yet if the child should purchase clothing with his own money, the clothing would belong to the child.

*Error from Doniphan District Court.*

AT the March Term, 1883, the court overruled the motion of *Wheeler*, as administrator of the estate of Frank Wheeler, deceased, for judgment in his favor upon the findings of the jury, and sustained the motion of the *Railroad Company* for judgment in its favor, revoking Wheeler's letters of administration. He brings the case here. The facts are stated in the opinion.

*W. D. Webb*, for plaintiff in error.

*Doniphan & Reed*, for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: This was a proceeding instituted originally in the probate court of Doniphan county, Kansas, by the St. Joseph & Western railroad company, to procure the revocation of the letters of administration granted by said court, on December 27, 1881, to DeWitt C. Wheeler on the

estate of Frank Wheeler, deceased.   On the final hearing of
the case in the probate court that court overruled the appli-
cation of the railroad company, and the railroad company
then appealed to the district court of Doniphan county.   In
the district court the case was tried before the court and a
jury, upon the evidence introduced and submitted by the re-
spective parties, and upon such evidence special findings were
made as hereafter stated.   By the consent of parties, no in-
structions were given to the jury and no general verdict was
found, but the jury simply gave answers to certain special
questions of fact submitted to them by the court and the par-
ties.   The special questions of fact, with the answers given,
are as follows:

"*Ques.* 1: Did Frank Wheeler have any money in his own
possession at the time of his death?   *Ans.:* No.

"Q. 2. If question 1 is answered in the affirmative, how
and from whom did he obtain the money?   A. ——.

"Q. 3. Did said Frank Wheeler have on deposit with his
mother any money at the time of his death?   If so, how
much?   A. Yes; $3.50.

"Q. 4. If question 3 is answered in the affirmative, how
and from whom did Frank Wheeler obtain said money?   A.
For work for his father at Mrs. Aberlies', $2.50; and for
working for Hazenbaugh, $1.

"Q. 5. Aside from the foregoing, did any person owe said
Frank Wheeler anything at the time of his death?   A. Yes.

"Q. 6. If question 5 is answered in the affirmative, who
was indebted to said Frank Wheeler, and what was the in-
debtedness for?   A. Moore and Hazenbaugh, for weeding
onions and hanging paper.

"Q. 7. Had said Frank Wheeler at the time of his death
any wearing apparel that he had paid for himself?   A. Yes.

"Q. 8. If question 7 is answered in the affirmative, what
was the value of such clothing?   A. $5.

"Q. 9. If question 7 is answered in the affirmative, how
and from whom did said Frank Wheeler obtain the money
that he paid for such clothing?   A. For playing in the band.

"Q. 10. Did said Frank Wheeler at the time of his death
have any wearing apparel other than that heretofore men-
tioned?   A. Yes.

41 — 31 KAS.

"Q. 11. If question 10 is answered in the affirmative, what was the value of such clothing? A. Don't know.

"Q. 12. If question 10 is answered in the affirmative, how and from whom did he obtain such clothing, or the money to pay for the same? A. Don't know.

"Q. 13. Had said Frank Wheeler at the time of his death an interest in the Troy band? A. Yes.

"Q. 14. If question 13 is answered in the affirmative, how and from whom did said Frank Wheeler obtain said interest? A. From his father and Frank Berry.

"Q. 15. If question 13 is answered in the affirmative, what was the cash value of said interest? A. $50.

"Q. 16. If question 13 is answered in the affirmative, did said Frank Wheeler have an exclusive interest in any particular instrument, or an interest in common with several others in all the instruments and the business of the band? A. Interest in common.

"Q. 17. Did said Frank Wheeler at the time of his death have any other property, interests, or money, or credits, than heretofore mentioned? A. No.

"Q. 18. If question 17 is answered in the affirmative, what were said interests, or money, or credits? A. ———.

"Q. 19. If question 17 is answered in the affirmative, how and from whom were such interests, or money, or credits, obtained? A. ———.

"Q. 20. Did the father of said Frank Wheeler ever release his time, or relinquish his rights to the time and service of said Frank Wheeler while a minor? A. Yes.

"Q. 21. If question 20 is answered in the affirmative, state when and how? A. When weeding onions."

No exception was taken to any of these findings of the jury, and no motion was made for a new trial, but both parties moved for judgment upon the findings, and the court overruled the motion of Wheeler and sustained the motion of the railroad company, and rendered judgment in favor of the railroad company and against Wheeler, revoking Wheeler's letters of administration; and Wheeler, as plaintiff in error, now brings the case to this court, and asks for a reversal of said judgment.

If we pass over the questions whether this case was rightfully and regularly brought in the probate court, and was

rightfully and regularly appealed to the district court, then the only other question involved in the case is, whether the facts as found by the jury will authorize a judgment in favor of the railroad company and against the plaintiff in error, DeWitt C. Wheeler, revoking his letters of administration. No facts were admitted by the pleadings, no agreed statement of facts was made or filed, no exception was taken to any of the findings made by the jury, no request was made for other or additional findings, and no motion was made for a new trial; hence we cannot take into consideration any facts other than those found by the jury, nor can we review the evidence. Really, however, the evidence supports the findings of the jury. Presumptively, the letters of administration were properly issued; presumptively, they were valid in their inception; and presumptively, they are valid still, unless the facts found by the jury clearly and affirmatively show the contrary; and they cannot be revoked, unless the facts found by the jury clearly and affirmatively show that they ought to be revoked, and that they ought to be revoked at the instance of the railroad company. Now under the facts of the case as found by the jury, what authority has the railroad company to ask that Wheeler's letters of administration should be revoked? We suppose that Wheeler, as administrator, was about to sue the railroad company for wrongfully causing the death of his son, Frank Wheeler, the intestate; but the record does not show any such thing. But even if this were shown by the record, there would still be a question whether the railroad company had any right to interfere, or not. Possibly it would.

But, passing over this question, do the facts of the case as found by the jury show that the letters of administration ought to be revoked at the instance of any person or corporation? Now, taking the facts of the case as they were found by the jury, there is no ground upon which to revoke the letters of administration, unless it be upon the ground that the deceased, Frank Wheeler, did not at his death leave any estate upon which letters of administration could be granted. Everything else necessary for the purpose of issu-

ing the letters of administration existed as a fact; and noth-
ing has transpired since that would authorize their revocation.
It is true, as a fact, that Frank Wheeler at the time of his
death was a minor thirteen years and five months old, resid-
ing with his father, the present plaintiff in error, in Doni-
phan county, Kansas; but these facts of themselves do not
prevent the issuance of letters of administration, nor render
their issuance void, nor authorize their revocation if issued.
Letters of administration may be granted upon the estate of
a minor as well as upon the estate of any other person.   But
it is claimed in this case that Frank Wheeler left no estate,
and that the estate supposed to have been left by him really
belonged to his father; but the jury found otherwise; and,
under the circumstances of the case, we cannot say that the
findings of the jury are erroneous.   As a matter of law, a
minor may own property, the same as any other person.   He
may obtain it by inheritance, by gift, or by purchase; and
there is nothing in the law that would prevent even a father
from giving property to his minor child.   A father may also
so emancipate his minor child as to entitle him to receive his
own wages.   It is probably true that where a minor child
lives with his father, and is supported by him, all things
given to the child in the way of support, such as clothing,
for instance, would still belong to the father, and not to the
child.   But things given by the father to the child, not in
the way of support, but with the understanding that they
should become the property of the child, would undoubtedly
become the property of the child. ( *Hillebrandt v. Brewer*, 5
Tex. 45; *Grangiac v. Arden*, 10 Johns. 293.)   Also, while
the child's clothing, furnished by the father, generally be-
longs to the father, yet if the child should purchase clothing
with his own money, the clothing would evidently belong to
the child. ( *Dickinson v. Winchester*, 58 Mass. 114, 118, 119.)

We cannot say from the facts as found by the jury that
the letters of administration issued to the plaintiff in error,
Wheeler, ought to be revoked.   On the contrary, it would
seem to us from such facts that Frank Wheeler at his death

left a sufficient estate to legally uphold such letters of administration. The judgment of the district court will therefore be reversed, and the cause remanded for further proceedings.

All the Justices concurring.