THE CITY OF HORTON v. JOSEPH TROMPETER, *as Administrator of the estate of Frona Trompeter, deceased.*

1. MINOR'S ESTATE — *Administration* — *Presumption.* The probate court is presumed to have lawfully exercised its jurisdiction, and, where the steps taken in that court in granting administration upon the estate of a minor appear to be regular, it makes a *prima facie* showing of authority to issue the letters of administration.

2. PROBATE COURT — *Jurisdiction.* The deceased was eight years of age, and an inhabitant of the state, owning property of the value of $2.25, at the time of her death. *Held,* That, upon a proper application by the father of the deceased, the probate court had jurisdiction to grant letters of administration.

3. CITY — *Defective Sidewalk* — *Notice* — *Negligence.* A person who has knowledge that a sidewalk had previously been overturned by the wind, and had since been repaired, has a right to assume, in the absence of knowledge to the contrary, that it had been properly re-

paired and safely anchored to the ground by the city authorities. Even a knowledge that it was somewhat defective would not debar him from the use of the street; nor is notice that it is unsafe or out of repair necessarily negligence in one who travels over it.

### Error from Brown District Court.

ACTION by *Joseph Trompeter*, administrator of the estate of Frona Trompeter, deceased, against the *City of Horton*, to recover for the death of decedent. There was judgment for plaintiff, and defendant brings error.

*Jas. A. Clark*, for plaintiff in error:

We think the court erred in not giving instruction No. 1, asked for by plaintiff in error. The evidence clearly shows that the deceased had no estate to be administered upon at the time of her death. If she had no estate to administer on at the time of her death, then the action of the probate court appointing the administrator was void *in toto*. See *Perry v. St. J. & W. Rld. Co.*, 29 Kas. 420, especially the latter part of decision on page 424, and reference there cited.

The jury's answer to question 8 was not supported by any testimony whatever; there is no testimony that the deceased had any jewelry at the time of her death, and the property that she had, as shown by the testimony, is only such property as children of her age are usually provided with, and would not be a subject for administration. Plaintiff in error does not think defendant in error could maintain a suit, or be entitled to judgment, as administrator of the estate of a deceased person who had no estate at the time of her death. *Perry v. St. J. & W. Rld. Co.*, p. 424, and cases there cited; 19 Am. & Eng. Encyc. of Law, pp. 206, 207, and cases there cited.

If the deceased was not old enough or intelligent enough to observe or discern danger, and to exercise reasonable care in providing against it, then it was gross negligence in her mother to send her out in such a windstorm over a walk, if it was dangerous, which was well known to them; and

that act would be such contributory negligence on her part as would preclude plaintiff from recovering, she being one of the real parties in interest. *Osage City v. Brown*, 27 Kas. 74–76; *Corlett v. City of Leavenworth*, 26 id. 673–675; *U. P. Rly. Co. v. Adams*, 33 id. 427–429; *Dewald v. K. C. F. S. & G. Rly. Co.*, 44 id. 586–591; Field, Dam. 186–188, §§ 195–197.

If the negligence of the person killed contributed approximately to the cause of the fatal injury, no action can be maintained for damages. Cooley, Torts, 264, 674, 675; also Field, above cited.

The negligence of the proper custodian of a child of tender years, and not able to distinguish a place of danger, is imputed to the child. Cooley, Torts, 680–683, and notes; 38 Wis. 613–628. See Cooley, Torts, p. 682, note 1; Field, Dam., pp. 186–188, §§ 195–197.

We think the instruction of the court in regard to the measure of damages is erroneous. It allowed the jury to estimate damages for the full life of the deceased, while we think it should have been limited to the time of her minority, and the expense of raising, providing for and educating her during her minority should have been deducted therefrom. Field, Dam., p. 307, § 640; 5 Am. & Eng. Encyc. of Law, 46.

*Frank H. Foster*, for defendant in error:

1. Whether ¶ 2785, Gen. Stat. of 1889, authorizes the issuance of letters of administration upon the decease of an inhabitant who leaves no estate, has been discussed before in this court, but it has never been necessary to decide it. It is not necessary to decide that question in this case. It cannot be said that, because the estate was small, it cannot be administered upon. If so, what shall be the limit of the value where the court will say that letters should be granted? This court has said that an estate valued at $3.50 and an indefinite interest in a band was sufficient property to justify the issuance of letters of administration. *Wheeler v. Railroad Co.*, 31 Kas. 640.

This court has said that, where there was evidence tending to dispute such facts as are above recited in the record, they would not disturb a finding of the jury based upon the statements of the record of the probate court, that there was an estate. *U. P. Rly. Co. v. Dunden,* 37 Kas. 1.

2. To the refusal of the court to give the fourth instruction, requested by the city, no exception was taken, as appears from the record; so we shall not discuss the proposition as to whether this action of the court was error or not. *Gafford v. Hall,* 39 Kas. 166; *Comm'rs of Allen Co. v. Boyd,* 31 id. 765.

The question the city seeks to raise is, whether it is negligence for parents to allow their girl, eight years old, bright and active, as the undisputed evidence shows Frona Trompeter to to have been, to go out on a day that was not unusually windy, when it is probable that she might go on a piece of sidewalk that both the parents knew had previously been turned over by the wind. The question of contributory negligence is for the court to decide, where the facts are not disputed. *Dewald v. Railroad Co.,* 44 Kas. 586.

This court has held that the act of a party in voluntarily attempting to pass over a street which he knew to be defective will not necessarily debar him from recovering damages, in case of injury. A municipality cannot, by failing to keep a street in repair, deprive the public of the right to use it. *Maultby v. City of Leavenworth,* 28 Kas. 745.

Negligence can only be imputed to the child through the parent; but where the child has done no negligent act, the conduct of the parents is immaterial. *McGarry v. Loomis,* 63 N. Y. 104; *O'Brien v. McGlinchy,* 68 Me. 552; *Gulline v. Lowell,* 144 Mass. 491.

"A parent may recover for loss of expected services of children, not only during minority, at their estimated net value, but afterwards, on evidence justifying a reasonable expectation of pecuniary benefit therefrom." Suth. Dam., p. 283.

See, also, *K. P. Rly. Co. v. Cutter,* 19 Kas. 91; *U. P. Rly. Co. v. Dunden,* 37 id. 1. In the case of *U. P. Rly. Co. v. Dunden,* 37 Kas. 1, it was held that $3,000 for killing a boy

11 years old was not excessive, in an action by an administrator. In the case of *Erwin v. Railway Co.*, 38 Wis. 613, cited by plaintiffs in error, it was held that $2,500, recovered for the death of a boy four years old, caused by the negligence of the defendant, was not excessive.

The opinion of the court was delivered by

JOHNSTON, J.: While Frona Trompeter, a child about eight years of age, was passing over a street in the city of Horton, a sidewalk upon the same was caught up by the wind, blown over upon her, and she was thereby killed. Her father, Joseph Trompeter, as administrator of the deceased, brings this action to recover damages for her death, claiming that it resulted from the negligent construction and maintenance of the sidewalk. There was an abrupt slope on one side of the street, whereon the sidewalk was built, and one side of a portion of the walk was held up by props or stilts from one to three feet long, thus forming a pocket under the walk through which the wind could not escape. Instead of complying with the city ordinance which required the walks to be built of plank two inches in thickness, this walk was constructed of boards only one inch in thickness, and at this point it had blown over several times before the killing of Frona Trompeter. Special findings were made by the jury, to the effect that the street commissioner, shortly before the accident, had repaired the sidewalk, but had failed to make it reasonably safe for the use of the public. It was also found that the city had notice of the defective condition of the sidewalk before it blew over, and that such notice was given to the mayor and street commissioner. In answer to a question, the jury stated that the day on which the accident occurred was not an unusually windy one for that time of the year; and further, that Frona Trompeter died owning personal property of the value of $2.25. The jury assessed the damages of the plaintiff below at $2,500, and the city alleges several grounds for reversal.

The negligence of the city in building and maintaining the

sidewalk which caused the death of the child cannot be denied.
The contention that there was contributory negligence on the
part of the child or her parents has not been maintained.    It
is true that they had frequently passed over the walk; had
probably observed its general character, and may have known
that it had previously been turned over by the wind.    They

3. City—defect-     had a right to assume, however, that it had been
ive sidewalk    properly repaired and safely anchored to the
—notice—    ground by the city authorities.    Even a knowl-
negligence.    edge that it was somewhat defective would not
debar them from the use of the street, nor would such use
with notice that it was unsafe or out of repair necessarily con-
stitute contributory negligence.    (*City of Emporia v. Schmid-
ling,* 33 Kas. 485; *Langan v. City of Atchison,* 35 id. 326.)
While it appears that a strong wind was blowing, there is
testimony to sustain the finding of the jury that it was not an
unusual wind, and whether the wind was unusually strong,
or whether there was negligence in the child going or being
permitted to go out upon such a day over this walk, were
questions of fact for the consideration and determination of
of the jury.

There is a further contention, that the deceased left no estate
to be administered, and that the action of the probate court
in appointing an administrator was absolutely void.    The

2. Probate court    deceased was an inhabitant of the state at the
—jurisdiction.    time of her death, and whether necessary to the
granting of administration or not, there appears
to have been an estate sufficient to give jurisdiction for the
letters that were issued.    The probate court is presumed to

1. Minor's estate    have lawfully exercised its jurisdiction, and the
—administra-    steps taken in that court appear to be regular,
tion—pre-    and make a *prima facie* showing of authority to
sumption.    issue the letters of administration.    Such letters
may be granted upon the estate of a minor as well as upon
that of an adult, and the inventory recites property valued
at $10.75.    Possibly some of that inventoried cannot be re-
garded to have been that of the child, but some of it un-

doubtedly can, and the finding of the jury, based upon competent testimony, shows that she had property, although not very valuable, which in any event would justify administration. (*Wheeler v. St. J. & W. Rld. Co.*, 31 Kas. 640; *U. P. Rly. Co. v. Dunden*, 37 id. 1.)

The remaining objections are made against the instructions of the court, most of which relate to the question of contributory negligence.    In view of the finding of the jury that it was not an unusually windy day when the girl was killed, this question is of little importance.    The fourth request needs no attention, because no exception to its refusal was taken, and the fifth might properly have been refused on the ground of ambiguity.    The seventh related to the subject of whether it was negligence for the mother to send the child out in an unusual wind or storm; but this question has become immaterial through the finding of the jury.

The measure of damages was correctly stated by the court, and while the instruction might have been elaborated, no request of that kind was made, and we think no error in that respect was committed.    While the damages were liberal, they cannot, within the rules of law, be said to be excessive, and we find no ground for disturbing the verdict of the jury.

Judgment affirmed.

All the Justices concurring.