GEORGE W. MCCLELLAND, *Appellant,* v. THE MISSOURI PACIFIC RAILWAY COMPANY, *Appellee.*

No. 16,427.

SYLLABUS BY THE COURT.

PERSONAL INJURIES—*Accidental Injury to One Driving Over Temporary Railway Crossing—Defendant Not Negligent.* The plaintiff was driving along a highway with a load of hay, and came to a railway crossing. The railway company was engaged at the time in repairing its track and roadbed, and had taken up the crossing and raised the rails several inches. The plaintiff stopped his team, got down from the wagon, went to the crossing, and talked with the foreman in charge of the work. The foreman said he would have the crossing ready for him in a few minutes, and the section men, under

the direction of the foreman, put back the crossing boards and threw in some dirt. The foreman then said to the plaintiff: "The crossing is ready for you; do you think you can cross?" The plaintiff said he thought he could. In attempting to drive over the temporary crossing the load of hay was overturned and the plaintiff was injured. *Held*, in an action to recover damages, that in using the temporary crossing which had been placed there for his use the plaintiff acted upon his own judgment, with full knowledge of its condition, and that there was no negligence on the part of the railway company which would entitle him to recover.

Appeal from Greenwood district court; GRANVILLE P. AIKMAN, judge. Opinion filed March 12, 1910. Affirmed.

*D. B. Fuller, H. P. Farrelly,* and *T. R. Evans,* for the appellant.

*J. H. Richards,* and *C. E. Benton,* for the appellee; *A. B. Miller,* of counsel.

The opinion of the court was delivered by

PORTER, J.: In September, 1906, the defendant was making some repairs and improvements to its roadbed and track across a highway in Greenwood county. In doing the work it became necessary to remove the plank crossing and to raise the rails of the track several inches. After the crossing planks had been removed, and while the section men were engaged in raising and surfacing the track, the plaintiff approached the crossing with a load of hay. When within about fifty feet of the track he stopped his team, got down off the wagon, went to the crossing, and talked with the foreman. The foreman said he would have the crossing ready for him in a few minutes, and the section men, under the direction of the foreman, put back the crossing boards and threw in some dirt. The foreman then said to the plaintiff: "The crossing is ready for you; do you think you can cross?" The plaintiff said he thought he could. The railway crosses this highway running

northeast at an angle of about forty-five degrees, and the plaintiff was traveling north.   Just before he started over, one of the section men advised him to drive squarely across, so that the front wheels would strike the rail at the same time.   The plaintiff, however, drove straight ahead and the left wheels of the wagon dropped off the rails just as the right wheels mounted them.   The jolting of the wagon overturned the load, throwing the plaintiff to the ground, causing the fracture of a bone in the foot and other injuries to the ankle.   This action was to recover damages for his injuries.   The case was tried before a jury and a verdict rendered in favor of the defendant.   A new trial was denied, and the plaintiff brings this appeal.

One complaint is that the instructions as a whole were incomplete and misleading.   There were no intricate questions of law involved in the case; the issues were simple; there was no serious conflict in the evidence and nothing to require elaborate instructions. The instructions fairly covered all the questions, and, besides, the plaintiff made no request for any instructions.   Particular complaint is made of the eighth instruction, which reads as follows:

"(8) If the plaintiff got off of his wagon upon arriving at the crossing in question and stood by and saw the condition the crossing was in, and saw and knew the manner in which it was fixed, and knew that it was being fixed for him to cross over, and knowing the manner and condition expressed his approval thereof and stated in substance that it was all right, and thereupon drove onto and over the crossing, and was injured in so doing, by reason of the manner in which it had been fixed for him to cross, then and in that case he can not recover."

We think this correctly states the law as applied to the facts.   True, as the plaintiff argues, it was the duty of the defendant to maintain and keep its highway crossings in a safe and suitable state of repair, but the rule has no possible bearing on a case of this kind.   In order that a railway company may fulfill this obliga-

tion it must have an opportunity to make necessary changes and repairs in its roadbed at public crossings. If the defendant had completed this change in the crossing and had left it in an unsafe condition a different question would arise. That would have been a failure to keep and maintain the crossing in sufficient repair. But here the defendant was engaged in the work of changing its track at a highway; there was no crossing there when the plaintiff drove up, and a temporary one was put in for the purpose of allowing him to cross at that time, if in his judgment he could safely do so.

The case of *City of Horton v. Trompeter,* 53 Kan. 150, and other cases cited in which it was held that it is not necessarily negligent for a person to use a sidewalk or street after he has notice that it is out of repair have no application here. It was not necessarily negligent for the plaintiff to attempt to use this crossing. The evidence shows that another person drove over it safely with a load of hay a few minutes after the plaintiff's attempt and while the crossing was in the same condition. After the section men had fixed it for the plaintiff he determined, with full knowledge of its condition, that he could safely use it and voluntarily made the attempt.

There is a complaint that the instructions failed to define contributory negligence correctly. The law of contributory negligence was not involved to any serious extent. Before he could recover it was necessary for the plaintiff to show that the defendant was guilty of some negligence. Unless it was negligent in some duty it owed to him it would make no difference whether his negligence contributed to the injury or it was caused by an accident. There was no evidence of any negligence on the part of the defendant, and it would not have been error if the court had sustained a demurrer to the evidence or had directed a verdict in favor of the company.

The judgment is affirmed.