## Tri-State Loan and Trust Company, Administrator, et al. *v.* Lake Shore and Michigan Southern Railway Company et al.

### [No. 10,811.  Filed June 23, 1921.]

Executors and Administrators.—*Appointment for Nonresident.—Assets Claim for Damages for Death.—Statute.*  Under §2743 Burns 1914, §2228, R. S. 1881, providing that letters of administration may be granted in the county where an intestate, not being an inhabitant of the state, leaves assets, a claim for damages for causing the death of intestate is not "assets," within the meaning of the statute, and such a claim alone does not authorize the appointment of an administrator within the state for a nonresident.

From Allen Circuit Court; *Sol A. Wood,* Judge.

Proceedings by the Lake Shore and Michigan Southern Railway Company and others to cancel letters of

administration granted to the Tri-State Loan and Trust Company on the estate· of Guy D. Murray, deceased. From a judgment for petitioners, the administrator and others appeal. *Affirmed.*

*Samuel M. Hench* and *John F. Henigan,* for appellants.

*Walter Olds* and *Albert E. Thomas,* for appellees.

NICHOLS, P. J.—This is an action by appellees against appellants to cancel letters of administration.

At the time of the beginning of this action, appellant trust company, as administrator of the estate of Guy D. Murray, deceased, had sued appellees for damages for negligence resulting in the death of said Murray, at Auburn, Indiana, and said action was at the time pending. The decedent, at the time of his death, was not an inhabitant of the State of Indiana, but his residence was in the city of Jackson, Jackson county, Michigan. He had no assets in this state at the time of his death. The appointment of an administrator is governed wholly by statute. It is expressly provided by §2743 Burns 1914, §2228 R. S. 1881, as to the county in which such letters shall be granted, and there is no provision in that section under which a legal appointment of an administrator of said Murray's estate could, under the facts in this case, be made in Allen county, Indiana. A claim for damages for causing the death of a party is not assets of the deceased, within the meaning of the statute authorizing the granting of letters of administration in this state. The identical questions here involved have been decided against appellants' contention in the case of *Jeffersonville R. Co.* v. *Swayne's Admr.* (1866), 28 Ind. 477. The judgment is affirmed.