## MERCER v. DOBBYN, ADMINISTRATOR.

[No. 14,122. Filed November 20, 1930.]

*Rocap & McShane,* for appellant.
*Fred Dobbyn,* for appellee.

LOCKYEAR, J.—This action was commenced in the matter of the estate of Samuel W. Rider, deceased, by appellant Charles Mercer for the removal of the administrator and the cancellation and revocation of the letters of administration which had been issued.

Appellant's petition asking for the removal of the administrator and the revocation of his letters alleges, in substance, that the petitioner is now and at all times alleged herein was a resident of the State of Illinois; that, on or about May 18, 1928, the decedent, Samuel W. Rider, was a resident of Peoria, State of Illinois, and was on said date a traveling salesman employed by the Blackstone Chemical Company of Newark, New Jersey; that, as such salesman, he was on said date traveling from the city of Washington, Daviess County, Indiana, to the city of Vincennes, Knox County, Indiana, on State Road No. 50; that on said date this petitioner was traveling in his automobile on said state highway, and it is claimed and charged by said administrator, Fred Dobbyn, and by the heirs and next kin of Samuel W. Rider, that this petitioner negligently and carelessly struck and injured the said Samuel W. Rider with petitioner's said automobile, while said Rider was walking on said highway, from which injuries said Rider died on said May 18, 1928, in the city of Washington, but said petitioner denies that said injuries and death were caused by any act of negligence of petitioner. And pe-

titioner further shows to the court that said decedent, at the time of his death, was not a resident or inhabitant of Daviess County, State of Indiana, but was a resident and inhabitant of the State of Illinois. The petitioner asks that the letters be revoked on the grounds that the Daviess Circuit Court did not have jurisdiction over the subject-matter or power and authority to issue letters of administration, for the reason that the deceased was a resident of Peoria, Illinois, and that the property in his possession at that time is subject to the laws of the State of Illinois and not of Indiana.

The facts of this case are substantially as alleged in the petition, and also are to the effect that the widow of Samuel W. Rider filed a petition in the Daviess Circuit Court asking for the appointment of Fred Dobbyn as administrator of her husband's estate, and, at the time of his death, he had certain articles in his possession consisting of $25 in United States money, one leather grip, one duofold fountain pen, one Gillette safety razor and one Durham Duplex razor, all of which were of the value of $45; that he had a claim of undetermined value against Charles Mercer, the appellant herein, for negligently causing the death of said Samuel W. Rider.

It was shown in evidence that immediately after the death of the deceased, the articles of personal property above described were sent to the widow of the deceased in Peoria, Illinois, and that she then immediately returned them to the administrator in Daviess County, Indiana.

The court, having heard the evidence, found that the letters of administration were valid and should not be canceled as prayed for by the petitioner, and rendered judgment accordingly. The appellant filed a motion for a new trial on the grounds that the decision of the court is contrary to law and is not sustained by sufficient evi-

dence, which motion the court overruled and the action of the court is assigned as error in this appeal.

Section 3066 Burns 1926 provides that when a non-resident dies intestate in the State of Indiana, letters of administration shall be granted in the county of the state where such intestate leaves assets.

A claim for damages growing out of the death of a non-resident by negligence is not such an asset as will authorize the issuing of letters of administration in this state. *Jeffersonville R. Co.* v. *Swayne's Admr.* (1866), 26 Ind. 477; *Tri-State, etc., Trust Co., Admr.,* v. *Lake Shore, etc., R. Co.* (1921), 76 Ind. App. 141, 131 N. E. 523.

We must therefore look to the question as to whether the articles of personal property in possession of the person in transit in the State of Indiana are assets subject to be administered under the laws of this state. The case of *Missouri Pacific R. Co.* v. *Bradley* (1897), 51 Nebr. 596, 71 N. W. 283, is very similar to the case before us. In that case, one Charles L. Meyer resided in Jackson County, Missouri; he died intestate in Otoe County, Nebraska. At the time of his death, he left an estate consisting of $4 in money and a pocket book found on his person at the time of his death, which was sent to the widow of the deceased at Kansas City, Missouri. The money and pocket book were at once returned to Otoe County, Nebraska, and came into the hands of the administrator. There was also a claim for $25 for money he had on his person and a claim to a right of action for damages against the Missouri Pacific Railroad Company for causing his death. The law of Nebraska provides for the appointment of an administrator of the estate of a nonresident in the county of that state in which there shall be an estate to be administered. The court held that the articles of personal property, although of small value, are sufficient to uphold the ap-

pointment of an administrator, citing, Shouler, Executors §2493; *Welch, Admr.*, v. *New York Central R. Co.* (1873), 53 N. Y. 610; *Wheeler, Admr.*, v. *St. Joseph, etc., R. Co.* (1884), 31 Kans. 640, 3 Pac. 297; *Union Pacific R. Co.* v. *Dunden* (1887), 37 Kans. 1, 14 Pac. 501; *City of Horton* v. *Trompeter* (1894), 53 Kans. 150, 35 Pac. 1106. The case also decides that the taking of the property out of the state after the death of Meyers can make no difference.

In *Anderson* v. *Louisville, etc., R. Co.* (1913), 128 Tenn. 244, 159 S. W. 1086, a non-resident was killed in Tennessee and had on his person property of the value of $25; it was held that such property would support an administration in the county where he was killed. The statutes of Tennessee provided that the administration may be granted where the deceased had any goods, chattels or assets at the time of his death. To the same effect, see *Harington* v. *Brown* (1827), 22 Mass. (5 Pick.) 519; *Pinney* v. *McGregory* (1869), 102 Mass. 186.

We hold that no error was committed in the appointment of an administrator under the facts alleged and proved.

Judgment affirmed.