CHICAGO, INDIANAPOLIS & LOUISVILLE RAILWAY
COMPANY *v.* HEMSTOCK, ADMR.
[No. 15,423. Filed November 24, 1936.]

*Crumpacker & Friedrick, Cope J. Hanley,* and *C. C. Hine,* for appellant.

*Moore, Long & Johnson,* for appellee.

BRIDWELL, P. J.—Appellant brought this action against appellee seeking thereby to have letters of administration *de bonis non* of the estate of DeLon Shobe, deceased, previously issued to appellee by the court below, revoked, canceled, and set aside. The complaint was

answered by a general denial. There was a trial by court which resulted in a finding and judgment for appellee. The judgment was to the effect that appellant take nothing by its complaint, and that appellee recover costs. Motion for a new trial was duly filed. This motion was overruled, and appellant excepted, thereafter perfecting this appeal. The error assigned is the overruling of said motion. This motion assigns as causes for a new trial that the decision of the court is not sustained by sufficient evidence; and that such decision is contrary to law. Appellee has failed to file a brief.

The material facts as established by uncontradicted evidence are summarized as follows: On August 11, 1932, one G. Roscoe Hemstock was appointed as administrator of the estate of DeLon Shobe, deceased by the clerk of the Lake Superior Court in vacation, and letters of administration were issued to him, this action being thereafter confirmed by said court. On September 15, 1933, such administrator filed his final report in the office of the clerk of said court; and such report was set for hearing on October 16, 1933, and in due course was examined and approved, the estate adjudged "fully settled and finally administered," and said administrator discharged. On June 14, 1934, the said Hemstock (original administrator) filed his verified application for the issuance of letters *de bonis non* on said estate, which application, among other things, alleges that the deceased "left a personal estate of the probable value of—Action at law—dollars," and that he left surviving him three minor daughters as his sole and only heirs at law. Letters of administration *de bonis non* were issued on the same day this application was filed.

Appellee brought an action against appellant in the LaPorte Superior Court to recover damages occasioned by the death of said deceased, averring in his complaint that such death was caused by the negligence of appel-

lant in the operation of one of its trains, and alleging specifically the conduct of appellant claimed to be negliment. This complaint further averred that the plaintiff (appellee) was the duly qualified and acting administrator *de bonis non* of the estate of said DeLon Shobe; and that at the time of the death of said decedent he left surviving him as his next of kin and sole heirs at law, three daughters, one 12, one 9, and one 3 years of age, who were "solely depending upon decedent for their support and maintenance." This suit was pending when the instant case was tried below. It is proven and not disputed that the only purpose in causing said letters *de bonis non* to be issued, was to institute the suit for damages heretofore mentioned. At the time of his death the said DeLon Shobe was a resident of Lake county, Indiana.

Appellant's contentions may be stated as follows: (1) That the jurisdiction of the court to grant letters of administration *de bonis non* is dependent upon our statute, and that the appointment of such an administrator can be made legally only in such cases as come within the purview of the statute authorizing such an appointment; (2) that a right of action for damages on account of the death of a deceased person occasioned by reason of negligent conduct on the part of some other person is not an asset belonging to the estate of the deceased, nor would any moneys recovered in such an action constitute such an asset; (3) that since the uncontradicted evidence in the instant case proves conclusively that the sole purpose in procuring the issuance of the letters in question here was in order to institute such a suit for damages, such letters were issued without authority at law, and are therefore void.

At the time of the death of DeLon Shobe, and for many years prior thereto, there was a statute of this state in full force and effect providing that "when the

death of one is caused by the wrongful act or omission of another, the personal representative of the former may maintain an action therefor against the latter, if the former might have maintained an action, had he or she (as the case may be) lived, against the latter for an injury for the same act or omission. . . . The damages cannot exceed ten thousand dollars; and must inure to the exclusive benefit of the widow or widower (as the case may be), and children, if any, or next of kin, to be distributed in the same manner as personal property of the deceased." (Acts 1899, p. 405, Burns' R. S. 1926, §292.)

It is to be noted that it is only a personal representative who may institute and maintain the action provided for by the terms of the foregoing statute. There can be no doubt that an administrator, an executor, or an administrator *de bonis non,* who was duly appointed and qualified, would be such "personal representative." However, the questions presented by this record are as to whether the Lake Superior Court was vested with authority, and had jurisdiction to appoint an administrator *de bonis non* of the estate of said DeLon Shobe in the absence of any showing which would warrant such an appointment; and whether the letters so issued should have been revoked and canceled when the evidence in the case showed beyond controversy that the sole purpose for the granting of such letters was in order that a suit might be instituted and maintained under the statute above quoted.

The deceased having died in Lake County, Indiana, while a resident thereof, the court, by virtue of the powers conferred on it by the first subdivision of section 6-302, Burns' R. S. 1933, §3031, Baldwin's 1934, was authorized to appoint an administrator, and to issue letters of administration. Such appointment was authorized even though there may have

been no tangible assets belonging to the deceased at the time of his death. See *Toledo, etc., R. Co.* v. *Reeves* (1893), 8 Ind. App. 667, 35 N. E. 199; *Ex Parte Jenkins* (1900), 25 Ind. App. 532, 58 N. E. 560; *Mesker* v. *Bishop* (1914), 56 Ind. App. 455, 103 N. E. 492, 105 N. E. 644.

It has been held by our Supreme Court and by this court that the jurisdiction of a court to grant letters of administration is derived from our statutory law, and can only be exercised in the cases provided for thereby, and that whenever the court has issued letters not authorized by a statute, such letters are void. *The Jeffersonville R. Co.* v. *Swayne* (1866), 26 Ind. 477; *Croxton* v. *Renner* (1885), 103 Ind. 223, 2 N. E. 601; *Toledo, etc., R. R. Co.* v. *Reeves, supra; Tri-State, etc., Trust Co.* v. *Lake Shore, etc., R. Co.* (1921), 76 Ind. App. 141, 131 N. E. 523.

Our statutes provide for the appointment of an administrator *de bonis non* in two instances: (1) Where an administrator, pending his administration of an estate, "shall die, resign, remove from the state, or his authority be revoked or superseded," (§6-309, Burns 1933, §3045, Baldwin's 1934, Acts 1881, special session, chap. 45, §18, p. 423); (2) where, after letters of administration have been issued, an administration of the estate had, a final settlement made and approved, the administrator discharged, and there is no administration of said estate pending in any court of this state, and there are assets belonging to the estate of said decedent within the jurisdiction of said state that have not been, and should be, administered. (§6-310, Burns 1933, §3046, Baldwin's 1934, Acts 1891, chap. 82, §1, p. 107.)

That a right of action for damages sustained on account of the death of a deceased person caused by the

negligent act of another is not an asset of the ▮ estate of any such deceased person, must be conceded as settled in this jurisdiction. §292, Burns 1926, *supra*, §51, Baldwin's 1934; *The Jeffersonville R. Co.* v. *Swayne, supra; Tri-State, etc., Trust Co.* v. *Lake, etc., R. Co., supra; Pittsburgh, etc., R. Co.* v. *Gipe* (1903), 160 Ind. 360, 65 N. E. 1034; *Lese* v. *St. Joseph Valley Bank* (1924), 81 Ind. App. 517, 142 N. E. 733.

The undisputed evidence in this case proves that the only purpose for procuring the issuance of letters of administration *de bonis non* of the estate of ▮ DeLon Shobe was to bring an action for damages occasioned by the death of decedent. We find no statutory authority for the appointment of an administrator *de bonis non* for such purpose, and since any right of action which may exist is not, and any amount which might be recovered would not constitute, an asset of the decedent's estate, it follows that the decision of the court is not sustained by sufficient evidence, and is contrary to law.

Judgment reversed, with instructions to sustain the motion for a new trial, and that any further proceedings be consistent with this opinion.