BRENDEL ET AL. *v.* KUGLER ET AL.

[No. 18,165. Filed November 16, 1951. Rehearing denied January 18, 1952.]

*Clarence R. McNabb* and *Thomas A. Gallmeyer*, both of Ft. Wayne, for appellants.

*Finley & Finley*, of Kendallville, for appellees.

MARTIN, C. J.—On Septemebr 27, 1946, the last will and testament of Samuel Kugler was admitted to probate by order of the Noble Circuit Court. The appellee herein was nominated as the executor thereof and was appointed and qualified as such fiduciary on September 27, 1946. Thereafter, appellants petitioned the Noble Circuit Court to vacate its order probating the said last will and testament of Samuel Kugler on the contention that the court did not have jurisdiction to probate said will. Lack of jurisdiction was predicated upon the allegations that Samuel Kugler was not at the time of his death on September 18, 1946, or immediately previous thereto, an inhabitant of Noble County, Indiana;

that Samuel Kugler, immediately previous to his death, had been and was at the time of his death an inhabitant of DeKalb County, Indiana.

The appellee, as executor of said will and also individually, filed his answer in three paragraphs.

Said cause was submitted to the court for trial without the intervention of a jury and the court rendered judgment against the appellants.

The error relied upon by the appellants for reversal in this court is that the trial court erred in overruling appellants' motion for a new trial.

The grounds contained in the motion for a new trial are: (1) The decision of the court was not sustained by sufficient evidence, and (2) the decision of the court was contrary to law.

That part of §7-403, Burns' 1933, which is pertinent to this case is as follows:

"Where probated.—Proof of last wills may be taken in any county:

"First. Where the testator, immediately previous to his death, was an inhabitant of such county."

The jurisdiction of the court over the subject is derived from these provisions of the statute, and can only be exercised under the circumstances and in the cases thereby provided. *The Jeffersonville Railroad Company* v. *Swayne's Administrator* (1866), 26 Ind. 477; *C. I. & L. R. R. Co.* v. *Hemstock, Admr.* (1936), 102 Ind. App. 654, 4 N. E. 2d 677.

On appeal, when the sufficiency of the evidence is questioned, we do not weigh the evidence, but we examine the record to see if there is any evidence, or any reasonable or logical inference which may be drawn from the evidence, which if believed by the trier of the facts would sustain the de-

cision. *Gamble* v. *Lewis* (1949), 227 Ind. 455, 85 N. E. 2d 629; *Butterfield* v. *Trittipo* (1879), 67 Ind. 338, 342; *Indiana Ins. Co.* v. *Handlon* (1940), 216 Ind. 442, 24 N. E. 2d 1003.

The record when considered most favorable to the appellees, and with every reasonable inference against the appellants, discloses that Samuel Kugler was a resident and inhabitant of Noble County, Indiana; that he owned a farm in said county and lived upon it until the death of his wife in 1938 or 1939. According to all of the evidence the deceased was greatly afflicted and unable, after his wife's death, to care for himself; that thereafter he sold his farm and personal property, with the exception of a bed which was put up in the summer house at his old farm home in Noble County, Indiana. The decedent lived at various places for the remainder of his lifetime, either as a boarder, roomer or as a patient in convalescent homes.

At the time he made the will in question, and also at the time of his death, he was living as a patient and bedfast in a convalescent home in DeKalb County, Indiana, having gone to this home on July 25, 1946, and remaining there until his death. Previous to his going to DeKalb County he had been in a convalescent home in Allen County, Indiana, for about a year.

The evidence further discloses that the application for letters testamentary was filed by Isidor Kugler in the Noble Circuit Court of Indiana on the 27th day of September, 1946, said application setting forth that the said Samuel Kugler was at the time of his death, and immediately previous thereto, a resident and inhabitant of Noble County, Indiana, and at the time the will in question was probated Vermont Finley, one of the subscribing witnesses to said will, testified that Samuel Kugler, the deceased, died on the 18th day of Septem-

ber, 1946; that he was a resident and inhabitant of Noble County, Indiana, at the time of his death.

One Irma Jewel Myers testified with reference to a conversation with Samuel Kugler as follows: "Well, he told me he had always made his home in Noble County and that he intended to, that he had only come to my convalescent home for me to care for him and that when he got better he intended to return to Noble County, that was his permanent home."

One Grace Kugler testified that after the decedent went to the Myers convalescent home she visited him and made a list of his personal property, which list the decedent signed, and he told her to get such property from another convalescent home in Allen County where he had been a patient; that the personal effects which she got consisted of two trunks, a clock, one rocking chair and his glasses, which articles she moved to Noble County, Indiana, about two days after the decedent had left the convalescent home in Allen County on July 25, 1946.

There is only one question in the case at bar and that is: Was the testator, immediately previous to his death, an inhabitant of Noble County, Indiana? The question now under consideration depends largely upon the construction given the word "inhabitant" as used in the statute. The statutory rule of construction, §1-201, Burns' 1946 Replacement, provides that "The word 'inhabitant' may be construed to mean a resident in any place." Considering the force given the word "resident" when used in the phrase "a resident of a place," and our right by statute to construe "inhabitant" to mean "a resident in any place," we have the word "inhabitant," and phrase "resident in any place," as meaning a true, fixed place, from which one has no present intention of moving. *Schmoll* v. *Schenck* (1907), 40 Ind. App. 581, 82 N. E. 805;

*Pedigo* v. *Grimes* (1888), 113 Ind. 148, 13 N. E. 700; *Astley* v. *Capron* (1883), 89 Ind. 167; *McCormick* v. *Board, etc.* (1879), 68 Ind. 214. The character of the residence here intended is fixed by the word inhabitant. The meaning of this word, as used in the act, does not differ materially, if at all, from its ordinary and popular signification. One who has an actual, but merely temporary, residence in a place, is not, in any proper sense, an inhabitant of that place. An inhabitant of a county is one who has his domicil there, his fixed habitation and home, from which he has no present intention of removing.

In the case of *Green* v. *Simon et al.* (1897), 17 Ind. App. 360, 367, 46 N. E. 693, the court said:

> "The general rule is, that a man can have but one place of residence, and that, to lose his residence in one place, he must acquire residence in another place. Personal presence alone at another place does not determine the matter. He must remove without the intention of returning to his home as such. He must remove to another place with the intent to make it his home."

In the case of *Schmoll* v. *Schenck, supra,* the court said:

> "Intention in cases of this character may be determined by the general acts and conduct and expressions of intention, but such expressions alone will not control the ultimate fact in issue if they are inconsistent with the acts and general conduct of the person making them. Jacobs, Domicil, §455."

The evidence in the case at bar discloses that the decedent did not dispose of all of his personal property in Noble County, Indiana; that he boarded and lived with relatives and other people in Noble County, Indiana, from time to time after the

death of his wife; that when he had a sale of his personal property he kept a bed in the old homestead in Noble County and after leaving the convalescent home in Allen County, Indiana, and going to the convalescent home in DeKalb County, Indiana, he had his niece get his personal property at the convalescent home in Allen County, Indiana, and move it to Noble County, Indiana. This was only a few months prior to his death. Considering these facts in connection with the declarations that his permanent home was in Noble County, Indiana, and that he intended to return to said Noble County as soon as he was able, we conclude that these expressions were consistent with his conduct and that there was sufficient evidence to sustain the decision of the trial court and that said decision is not contrary to law. The court did not err in overruling appellants' motion for a new trial.

Judgment affirmed.

NOTE.—Reported in 101 N. E. 2d 661.