We have read the opinion of the court below and are in entire sympathy with it.

*Judgment affirmed.*

HORNBECK, P. J., and BARNES, J., concur.

IN MATTER OF WILL OF EAKINS.

(Decided December 21, 1939.)

*Mr. William P. Cherrington,* for appellant.
*Mr. John E. Halliday,* for appellee.

McCURDY, J. On the 9th day of June, 1930, a written instrument dated April 16, 1927, was admitted to probate in the Probate Court of Gallia county as the last will and testament of W. L. Eakins. This instrument was in the handwriting of Eakins and his signature appears only in the attestation clause. The instrument was not signed at the end thereof and the order of the Probate Court admitting the instrument to probate as a will sets forth, in effect, that it was not signed at the end thereof. On the 14th day of July, 1938, a will of Eakins, deceased, dated November 15, 1926, was offered for probate in the Probate Court of

Gallia county and the probate thereof was refused on the ground that the instrument dated later, to wit, April 16, 1927, had been admitted to probate as set forth above. An appeal was taken from the order of the Probate Court refusing to admit to probate the will dated November 15, 1926, which instrument was duly executed as a will and signed at the end thereof. The Court of Common Pleas of Gallia county reversed the ruling of the Probate Court of Gallia county for the reason that the order admitting the instrument of April 16, 1927, to probate was a nullity because it showed on its face that the Probate Court had no jurisdiction to make such order. An appeal on questions of law from the order of the Court of Common Pleas has been perfected in this court.

It is conceded by both parties that in event the Probate Court was without jurisdiction relative to the instrument dated April 16, 1927, and its order thereon was a nullity, the order could be attacked collaterally and the judgment of the Court of Common Pleas is correct. It is likewise conceded by both parties that in event the Probate Court had jurisdiction in regard to this instrument its order of probate, no matter how erroneous, is of full force and effect and not the subject of collateral attack, and the judgment of the Court of Common Pleas is incorrect. The facts of the case are unquestioned and have been agreed upon by both parties.

The only question which confronts this court is whether the Probate Court had jurisdiction to admit to probate a written instrument claimed to be the will of W. L. Eakins, deceased, which was not signed at the end thereof. This court was confronted with this same question in 1928 in the case of *Lyon* v. *Lyon,* 16 Ohio Op., 2, in an appeal from the judgment of the Court of Common Pleas of Gallia county. On the question of the trial court's authority to direct a verdict in a will

contest this court in its opinion considered the' case of *Sears* v. *Sears,* 77 Ohio St., 104, 82 N. E., 1067, 17 L. R. A. (N. S.), 353, to be authority for the proposition that "circumstances may exist that justify a trial court in directing that an instrument duly admitted to probate is not the will of the testator." And in construing the *Sears case,* Judge Mauck stated:

"In that case the action of the trial court in directing a verdict was sustained because the instrument purporting to be a will was 'not signed at the end thereof as required by the statute. The rule must be this: If the Probate Court has jurisdiction to enter the order of probate in a given case that order and the instrument thus probated must go to the jury, making a *prima facie* case that such instrument is the valid last will and testament of him who purports to have signed it. If, on the other hand, the instrument on its face bears unmistakable evidence that it is not a last will and testament because on its face it does not meet the requirements of the statute the Probate Court has no power in the premises to probate the same and an order purporting so to do is void for lack of jurisdiction in the Probate Court to act in the premises."

The factual situation relative to the physical requirements of the paper writing in the *Sears case* is identical with that in the instant case. In each case the instrument was in the handwriting of the deceased and the signature appeared in the attestation clause but not at the end thereof. In sustaining the action of the trial court in directing a verdict under such circumstances the Supreme Court of Ohio must necessarily have proceeded on the reasoning announced by this court in the *Lyon case, supra.* The rule is predicated entirely upon the proposition of the lack of jurisdiction in the Probate Court. While the immediate question was in relation to a directed verdict, in calling forth this rule it can not be distinguished from the instant problem.

The question of collateral attack with which we are here confronted is based exactly on the same query: Did the Probate Court have jurisdiction? We are not unmindful of the authority cited in behalf of the appellant's contention. Under such theory, in its last analysis, a Probate Court could assume jurisdiction of any instrument whether it had any characteristics of a will or not. In Ohio the jurisdiction is limited to wills by the Constitution and statute. The instrument must at least purport to be a will. Bearing in mind the requirements of Section 10504-3, General Code, the signature at the end is of no more or less importance than that the instrument be in writing or any of the other physical features specified. A failure of any physical requirement is apparent on the face of the instrument. When the instrument does not even appear to be a will because of such failure it can not properly be said to purport to be a will; in fact, the purport of the instrument is otherwise and the court is without jurisdiction. The appellant's contention is not in accord with the reasoning of the *Sears case* and the rule announced heretofore by this court in the *Lyon case.*

*Judgment affirmed.*

BLOSSER, P. J., and GILLEN, J., concur.