ESTATE OF CAMERON, DECEASED ET AL. *v.* KUSTER, EXECUTOR.

[No. 1067A78. Filed May 16, 1968. No petition for rehearing filed.]

*Gates, Gates & McNagny,* of Columbia City, for appellants.

*Albert J. Kuster,* of Ligonier, *Philip C. Barker,* of Goshen, *F. Jay Nimitz,* of South Bend, and *R. Stan Emerick,* of Kendallville, for appellees.

BIERLY, J.—This is an appeal from a nunc pro tunc order admitting an alleged codicil to probate, as of a date more than two years prior to the entry of the order.

The original order of probate was dated May 17, 1965, and on March 23, 1967, the executor filed a motion to correct record, to which motion appellant George S. Coggeshall filed objections. On July 19, 1967, the Noble Circuit Court granted the executor's motion to correct the record.

The trial court's order book entry, inter alia, stated:

"(3) That such written instrument purporting to be a codicil to such decedent's Last Will and Testament was duly executed in all respects according to law, has been duly proven is a codicil to the Last Will and Testament of decedent herein and is entitled to be admitted to probate as such in such County."

The purported codicil, as found in the transcript, and typed out by us as best we can decipher it, is as follows:

"Codicil

May       1965

In addition to my Last Will and Testament "duely executed and witnessed" on ———— 1965, I wish to

make this "bequest," gift with out tax. I wish to give all of my *Kenneceot* Copper to Howard LaFollette, 605 South 29th St. South Bend, Ind. Howard's *Mother*[1] was my cousin's son (Blanche Hayward LaFollette) (He make me think of my Father's gentle ways).

To my Executor:

1st Transfer UK and SN (by way of MLFBS of Fort Wayne) to Margaret and George Coggeshall.

2nd Transfer NAC to Robt Van Auken and Nancy Carlson 1/2 each of all my NAC.

3rd Transfer K to Howard LaFollette.

Sell at Merrell Lynches

|     |                    |        |
| --- | ------------------ | ------ |
| 100 | Alummum (?)        | 3,800  |
| 103 | Lytton (?)         | 10,000 |
| 6   | Lytton pl 3% con   | 6,360  |
| 22  | Glidden            | 1,320  |
| 82  | Fansteele          | 1,820  |
| 82  | Standard Jersey    | 7,000  |

(Mr. Pletcher) ? House      20,000

Pay Mr. Kuster     (Pay mortgage with contract)    41,300
2 Taxes
3

| 140000      |           |                |
| ----------- | --------- | -------------- |
| 7           | State Tax | Fed Tax is     |
| 980000      |           | usually the    |
| 980000      |           | same           |
| 980000      | Mr. Kuster | 5%            |
| 30,000.00   | "    "    | 2-1/2%         |
|             |           | 7-1/2          |

---

[1] We are not sure as to the correctness of this word because of illegibility.

```
                            If you can salvage
                        about 40000—Then.
                        I should like that 10000.
                        be given like this: Codicil    #2
                              To Maud Wolf          500.
                              To Abe Rice           500.
                              To Edith Miller       500.
                              To Wilma Kuster       500.
                              To Ann Hunt          1000.
                                                  ─────
                                                   3000.
```

The rest of the money to go to
George Coggeshall."[2]

It is obvious that the above "codicil" was neither signed by the testatrix nor attested by two witnesses. Proofs of codicil, other than by subscribing witnesses, were filed by three persons. Each proof was limited to an opinion that the "codicil" was in the handwriting of the decedent, and two of them stated that the decedent was competent and of sound mind. Two of these witnesses were beneficiaries under the "codicil."

Appellant attacks the jurisdiction of the court below in admitting to probate a document which is non-testamentary on its face.

---

[2] A copy of the codicil is attached to this opinion as pages 124, 125, and 126 of the transcript.

7015 Codicil May 1965

In addition to my Last Will and Testament "duely executed and witnessed" on _____ 1965, I wish to make this "bequest," gift with out tax. to: I wish to give all of my Kennecott Copper to Howard LaFollette, 605 South 29th St, South Bend, Ind. Howard's Mother was my Cousin's son. (Blanche Hayward LaFollette)(He make me think of my Father's gentle way).

FILED
MAY 17 1965
Leonard L. Mercer
CLERK NOBLE CIRCUIT COURT

124

7015

To my Executor!

1st Transfer U K and S N (by beg of) M L F B S (of Fort Wayne) to Margaret and George Coggeshell.

2nd Transfer N A C to Ruth Van Husen and Nancy Carlson ½ each of all my N A C.

3rd Transfer K to Howard LaFollette

See at Merrill Lynches.
100 Aluminum (?) 3,800.
1032 Lytton (?) 10,000
6 Lytta pfd ?/6(?) $6,880
22 Gliddlen $4,320
42 Fansteel 1,820
82 Standard Jersey 7,000
(Mr. Pletcher)? House (Pay military until) (Contract) 20,000
41,300
Pay Mr. Kuster.
2 Taxes
3

7015

$$140000$$
$$980000$$
$$98000\,8$$

7. State Tax. Fed Tax is usually the same

$$98\,0999$$  Mr. Kuster 5 %
$$30,000\,0.00$$  "  "  $2\frac{1}{2}$%
$$\frac{}{7\frac{1}{2}}$$

If you can salvage about 40,000 — Then I should like that 10,000. be given like this: Codicil #2

| | |
|---|---|
| To Maud Wolf | .500. |
| To Abe Quick | 500. |
| To Edith Miller | 510. |
| To Wilma Kusly | 500. |
| To Ann Hurst | 1000. |

The rest of the money to go to $3000$.
George Coggeshall

Appellees contend that appellants cannot collaterally attack the probate of the "codicil" since they have failed to file objections as provided in Burns' Stat. Anno. § 7-117 (1953 Replacement).

Under Burns' Stat. Anno. § 7-113 (1953 Replacement), it is provided that:

> "When a will is offered for probate, if the court or the judge . . . finds that the decedent is dead and *that the will was executed in all respects according to law,* it shall be admitted to probate . . . ." (emphasis supplied).

The above statute certainly was not complied with in the case at bar, for it is obvious from the face of the codicil that it was not properly executed, "in all respects according to law."

Generally, any attack on the validity or execution of a will must be made within the statutory time under Burns' § 7-117, *supra,* however there is an exception to this general rule. As stated in *In Re Caruch's Estate* (1956), 293 P. 2d 514, 139 Cal. App. 2d 178:

> "There is a very limited exception to this rule to the effect that if the order admitting the will to probate is void on its face it may be collaterally attacked at any time. In such a situation an attack under section 1080 of the Probate Code would be proper. This exception is strictly limited. The defect must be patent and not latent and must appear without question in the order or judgment under collateral attack. Thus, if a will that is unsigned is admitted to probate it may later be collaterally attacked. *Wall* v. *Wall,* 123 Pa. 545, 16 A. 598. The reason for this rule is that the probate court, although having jurisdiction over the estate and the parties, has no jurisdiction to admit to probate a will that shows on its face that it does not comply with statutory requirements." See also: *In re Eakins Will* (1939), 26 N. E. 2d 219, 63 Ohio App. 265.

Because of the apparent violations of our Probate Code shown on the face of the purported codicil, we are of the opinion the trial court's admittance to probate of same was a nullity and the same should be reversed.

Judgment reversed.

Cook, P. J., Pfaff and Smith, JJ., concur.

NOTE.—Reported in 236 N. E. 2d 626.