MARIE WILKINSON, ET AL. *v.* MARIE RITZMANN, ET AL.

[No. 1-673A119. Filed October 22, 1973.]

*William R. Wilson, Hooper, Wilson & Hoffman,* of Lawrenceburg, for appellants.

*Bielby & Pfister,* of Lawrenceburg, *Turner, Richard & Lehner,* of Lawrenceburg, for appellees.

LOWDERMILK, J.—The Last Will and Testament and codicil thereto of the decedent, Corrine H. Hayes, was offered for probate on September 3, 1970; the same were admitted to probate and by order of the court copied in the will record on September 4, 1970.

On March 19, 1971, plaintiffs-appellants filed their complaint to contest said will, pursuant to Ind. Ann. Stat. § 7-117 (Burns 1953 Repl.) Defendants-appellees thereafter filed a motion to dismiss, along with a supporting affidavit (pursuant to Rule TR. 12 (B) (6)) on the premise that more than six months had passed from the *offering for probate* and the filing of the complaint to contest.

IC 29-1-7-17, Ind. Ann. Stat. § 7-117 (Burns 1953 Repl.) states, in pertinent part:

> "Any interested person may contest the validity of any will . . . within six [6] months after the same has been offered for probate. . . ."

The motion to dismiss was sustained and plaintiffs thereafter timely filed a motion to correct errors, which motion was overruled.

Subsequent to the original petition for probate, another filing was made which is referred to variously as the "amended petition to probate," "petition to probate," and "application for Letters Testamentary." This filing was entered of record on October 20, 1970.

It is plaintiffs' position that the original filing, on September 3, 1970, was not proper as it did not comply with the statutory

requirements for the same, namely, that all of the devisees and legatees were not listed in the petition, together with their address, age and relationship, as required by IC 29-1-7-5, Ind. Ann. Stat. § 7-105 (Burns 1953 Repl.)

The first petition listed five individuals as legatees and devisees, along with their age, relationship and address. The petition then added just below these names "plus all the legatees and devisees named in the will;".

The October 20th filing listed all twenty-three legatees and devisees whose addresses were obtained after the September 3, 1970, petition to probate was filed. However, the petition has not been copied into the record, but all parties in oral argument indicated said petition contained the names, addresses, ages and relationship of all devisees and legatees named in the will.

Plaintiffs admit that if the term "offered for probate" in Burns § 7-117, *supra,* means simply a presentation of the instrument to the court then the trial court properly found that their contest complaint was not timely. However, plaintiffs contend that if the words "offered for probate" mean a petition in compliance with Burns § 1-105, then the court erred, as the contest complaint was filed within six months of the October 20, 1970, filing. Essentially, their position is that where the petition fails to set out the required statements and does not comply with all of the requirements for a valid petition, then the petition is ineffectual and the time limitation for a will contest action does not commence.

Appellees contend that the trial court properly interpreted the statutes and sustained the motion to dismiss. The statute regarding a petition for probate (IC 29-1-7-4, Ind. Ann. Stat. § 7-104 (Burns 1953 Repl.)) states that:

". . . any interested person . . . may petition the court . . . (a) to have the will of such decedent . . . probated; (b) . . . (c) . . . (d) . . .

No notice that a will is to be offered for probate or that it has been probated shall be required.

No notice of the filing of, and hearing on the petition described in this section shall be given to, or served, upon any person. . . ."

Appellees point out that a will can only be probated once and contend that the second filing was merely an amendment to the petition and not a new petition, as such. It is noted that the will was spread of record only one time, which was on September 4, 1970, the day following the filing of the original petition for probate.

Appellees point out that no notice is required that the will is to be offered for probate and no notice is required after the probate that the will has been offered and admitted to probate. Only cases where a petition is filed for the "appointment of a personal representative" require notice.

Ind. Ann. Stat. § 6-109 (Burns 1953 Repl.) reads as follows:

"Application to court by verified petition.—Every application to the court, unless otherwise provided, shall be by petition signed and verified by or on behalf of the petitioner. *No defect of form or substance in any petition nor the absence of a petition, shall invalidate any proceeding.*" (Our emphasis.)

Under the above section, under Commission Comments, it is stated:

". . . It should be noted that this line merely states that such a defective petition or the absence of a petition does not make the proceeding void. It does not prevent an opposing litigant from insisting upon the filing of an amended petition, nor does it dispense with proof of the necessary facts. . . ."

Appellants contended in oral argument that the case of *Estate of Cameron et al.* v. *Kuster, Executor* (1968), 142 Ind. App. 645, 236 N.E.2d 626, stood for the proposition that a will contest could be proper at any time when there was a statutory defect in probate proceedings.

However, it is our opinion that this case only allowed a collateral attack after the statutory time when there was a statutory defect in the *will* and the case does *not* allow collateral attacks simply for defects in the petition. Ind. Ann. Stat. § 7-113 (Burns 1953 Repl.) provides as follows:

> "When a will is offered for probate, if the court or the judge . . . finds that the decedent is dead and *that the will was executed in all respects according to law,* it shall be admitted to probate . . ." (Emphasis added.)

The court in this instance again approved the original bond which had been given by the Executor and a second publication of notice to creditors was made by the clerk. This second approval of the bond and the second publication by the clerk was surplusage and was unnecessary but was not erroneous.

Ind. Ann. Stat. § 7-107 (Burns 1953 Repl.) requires notice be given to heirs, devisees, and legatees (and creditors) as soon as Letters Testamentary or of administration have been issued. The main thrust of the policy argument propounded by appellants seems to center on notice but no notice is required at the time of the filing of the petition itself (§ 7-104, *supra.*) Thus, the policy argument based on notice is not supported by the statutes and this problem is a legislative one rather than judicial.

It is difficult to see that harm resulted in this case by the failure to list all legatees and devisees in the original petition. Since no notice would be sent to them at the petition stage, there would not seem to be any injury to the unnamed legatees and devisees (the petition stated "plus all the legatees and devisees named in the will.")

Additionally, no allegation of deceit has been made by appellants. No fraud was perpetrated on the court, either intentionally or unintentionally. The petition, besides naming five devisees and legatees, alluded to other named legatees and devisees and the court was aware of the fact that not all of

the names and addresses were listed specifically in the petition to probate. Counsel for appellees stated in the hearing on the motion to correct errors that the delay (and second filing) was due to the fact that all the addresses of the unnamed legatees and devisees were not known at the time of the original petition. But, these addresses were added as soon as they became known and no subterfuge is present.

The only defect in the first petition was the failure to list addresses, ages, and relationships of all legatees and devisees. Burns § 7-105 requires this data in the petition:

"(b) . . . so far as such are known or can with reasonable diligence be ascertained by the personal representative."

The record discloses that this data was unknown at the time of the first petition, but the data was filed as soon as it was ascertained. The personal representative complied as best he could and no harm resulted.

Under Burns § 6-109, *supra,* a defect in the petition does not invalidate the proceedings and it is our opinion the will was offered for probate on September 3, 1970, and was properly admitted to probate (under § 7-113, *supra*) on September 4, 1970.

The filing of the amended petition to probate did not extend the time for filing a claim or a will contest beyond the six months period from the date the will was offered for probate on September 3, 1970. (Burns § 7-117, *supra.*)

Specifications 1 and 2 of the motion to correct errors are both to the effect that the decision of the court is contrary to the evidence.

No evidence was presented under the motion to dismiss the complaint to contest the will. (Rule TR. 12(B)(6)) Thus, no question on the sufficiency of the evidence was presented to this court by said specifications.

Specification 3 of the motion to correct errors was that the decision of the court was contrary to law.

For the reasons hereinabove set out the ruling of the trial court is not contrary to law.

Judgment affirmed.

Robertson, P.J. and Lybrook, J., concur.

NOTE.—Reported at 301 N.E.2d 847.