MARTHA BROWN *v.* LOWELL GARDNER, HELEN POWELL, LAW-
RENCE HESS, MARY L. FOXWORTHY, JANE PATTERSON, MARK
PATTERSON AND TRUETT H. PATTERSON.

[No. 3-573A67. Filed March 21, 1974. Rehearing denied May 6, 1974.]

*Tommy L. Strunk, McDonald & Strunk,* of Indianapolis, for appellant.

*William L. Soards, Bowen, Myers, Northam & Soards,* of Indianapolis, *William F. Sammons, Robinson & Sammons,* of Morocco, for appellees.

GARRARD, J.—On June 28, 1971, the purported Last Will and Testament of Hazel Hess was admitted to probate. Nearly fifteen months later, on September 15, 1972, this action was instituted by appellant to contest the will. The complaint alleged that the testatrix was of unsound mind, that execution of the will was procured by undue influence, that the will was unduly executed, and that the execution was procured by fraud.

The defendants filed a motion to dismiss pursuant to Ind.

Rules of Procedure, Trial Rule 12(B)(6), IC 1971, 34-5-1-1 asserting that the action was barred by the statute of limitations. The trial court sustained the motion, resulting in this appeal.

The statute relating to will contests states:

> "Any interested person may contest the validity of any will or resist the probate thereof, at any time within six [6] months after the same has been offered for probate, by filing in the court having jurisdiction of the probate of the decedent's will his allegations in writing verified by affidavit, setting forth the unsoundness of mind of the testator, the undue execution of the will, that the same was executed under duress, or was obtained by fraud, or any other valid objection to its validity or the probate thereof; and the executor and all other persons beneficially interested therein shall be made defendants thereto." IC 1971, 29-1-7-17 (Burns Code Ed.).

It is appellant's contention that she is not bound by this limitation because of the fraud alleged in her complaint. She mounts a three-pronged assault in support of her position: (a) the statute, IC 1971, 29-1-1-21 (Burns Code Ed.), permitting vacation of orders entered during the administration of an estate extends the time for contesting a will; (b) the order of probate was subject to collateral attack under the doctrine of *Estate of Cameron* v. *Kuster* (1968), 142 Ind. App. 645, 236 N.E.2d 626; and (c) equity will permit her belated attack.

We will consider each of these contentions. However, before doing so, it must be noted that under our law a proceeding to contest a will is a statutory action. Generally speaking, it can only be brought and successfully maintained in the court, within the time and upon the grounds prescribed by the statute.[1] *Evansville Ice and Cold Storage Co.* v. *Winsor* (1897), 148 Ind. 682, 48 N.E. 592; *Barlett* v. *Manor* (1897), 146 Ind. 621, 45 N.E. 1060.

---

1. As the present statute substantially re-enacted the former law, the decisions construing the prior law are applicable. *State ex rel. Matheny* v. *Probate Ct. of Marion County* (1959), 239 Ind. 518, 159 N.E.2d 128.

Plaintiff's first contention is that her action is nevertheless permitted under the provisions of IC 1971, 29-1-1-21 (Burns Code Ed.). That statute provides:

> "For illegality, fraud or mistake, upon application filed within one [1] year after the discharge of the personal representative upon final settlement, the court may vacate or modify its orders, judgments and decrees or grant a rehearing therein. Before any such order, judgment or decree shall be vacated or modified, notice of such application and hearing shall be given to the personal representative and all interested persons as provided in section 112 [§ 6-112] [29-1-1-12] of this [Probate] Code. No vacation or modification under this section shall affect any right acquired by any innocent person in reliance upon any such previous order, judgment or decree."

This section of the probate code replaced a prior statute which provided:

> "When final settlement of an estate shall have been made, and the executor or administrator discharged, any person interested in the estate, not appearing at the final settlement, nor personally summoned to attend the same, may have such *settlement* or so much thereof as affects him adversely, set aside, and the estate reopened, by filing in the court in which the settlement was made, within three [3] years from the date of such settlement, his petition, particularly setting forth the illegality, fraud or mistake in such settlement, or in the prior proceedings in the administration of the estate, affecting him adversely. . . ." § 6-1424, Ind. Ann. Stat. (Burns 1933). [our emphasis]

The Commission comments[2] to this section of the code state, in part:

> "In substance it gives the court making an order *in the administration of an estate,* including the order in final settlement, the power to set aside its order if application to do so is made within one year after the order is made. The basis of the application to set the order aside must be some act of illegality, fraud or mistake the same as at present. . . . The principal change that this section makes in our present law is that it reduces the time in which such

---

2. The Commission comments are expressly made applicable to determining the legislative intent. IC 1971 29-1-1-4 (Burns Code Ed.).

order may be set aside or vacated from three years to one year...." [our emphasis]

It thus appears that the statute was intended to continue the prior law applicable to final settlements, and matters related to the *administration* of the estate, but the time for such contests was to be shortened.

This is consistent with the comments to the section relating to will contests, where the Commission stated:

> "This section relates to the contest of wills before and after probate. Some changes are made by this section in our present law. These changes, however, do not affect the present theory of will contests but shorten the time for bringing the action and makes some changes for purpose of clarification.
>
>    \*   \*   \*
>
> Our present statute gives a person residing in the state one year and infants, persons absent from the state and persons of unsound mind three years after a will is offered for probate to contest its validity. This Code changes this by limiting the time for will contests, regardless of the contestor's residence, age or mental capacity, to six months. This shortening of the time for will contests is in keeping with *the general policy of this Code to speed up the administration of decedent's estates* ..." [our emphasis]

The language of IC 1971, 29-1-7-17 (Burns Code Ed.) is specific. It relates to actions to contest a will or resist probate, and it requires that such actions be commenced within six months.

To adopt the contention of appellant would require that the preceding general section be broadly construed to cover this subject in opposition both to the coverage of the statute it replaced and the general policy of the probate code of shortening time limits to speed the administration of estates.

This we are not prepared to do. As the Indiana Supreme Court stated in *Garvin* v. *Chadwick Realty Corp.* (1937), 212 Ind. 499, 9 N.E.2d 268:

"Where one part of a statute is susceptible to two constructions, and the language of another part is clear and definite, and is consistent with one of such constructions, and opposed to the other, that construction must be adopted which will render all classes harmonious."

We, therefore, hold that the provisions of IC 1971, 29-1-1-21 (Burns Code Ed.) will not extend the time within which an action may be commenced to contest a will.

Appellant's second contention, that this action should be permitted under the doctrine of the *Cameron* case, is without merit.

In *Estate of Cameron* v. *Kuster* (1968), 142 Ind. App. 645, 236 N.E.2d 626, a will was probated in May 1965. Nearly two years later, on motion of the executor, the court admitted an alleged codicil to probate as of May 1965 under a *nunc pro tunc* order. The codicil was neither signed nor attested, and the appellant objected when the codicil was filed. Under these circumstances the court held that the *nunc pro tunc* entry was subject to attack because the codicil showed on its face that it did not comply with the statutory requirements. More recently in *Wilkinson* v. *Ritzmann* (1973), 158 Ind. App. 186, 301 N.E.2d 847, 849, Judge Lowdermilk writing for the court interpreted *Cameron* as applying only where the defect appears on the face of the purported will.

In the case at bar, there is no copy of the purported will in the transcript. However, from the pleadings it appears that the instrument was regular on its face, signed by the testatrix and subscribed by two witnesses. Fraud is asserted in that one of the devisees named in the first two pages of the will is identified by a married name that she allegedly did not acquire until after the date the will was apparently executed. However, both the existence and a consideration of the substantive effect[3] of such a "defect" would require the presentation of extrinsic evidence. The allegations do not bring the case within *Cameron*.

---

3. See, e.g. *Wright* v. *Wright* (1854), 5 Ind. 389.

Appellant's third point is that the alleged fraud *per se* avoids the statutory bar.

In *Bartlett* v. *Manor* (1897), 146 Ind. 621, 45 N.E. 1060, our Supreme Court expressly held that the general statute,[4] providing relief where a person liable conceals a cause of action, has no application to the limitations on a will contest.

However, in *Fort* v. *White* (1913), 54 Ind. App. 210, 101 N.E. 27 equitable relief was provided. In that case, the plaintiff, beyond the statutory period, filed a verified petition to set aside the probate of her father's will alleging grounds to resist probate and additionally alleging that through the active fraudulent misrepresentations of the defendants, she had been induced to refrain from filing her objections within the proper time. The court held this complaint sufficient against a demurrer asserting the time limitation.

The exception thus established has been acknowledged by dicta in *In re Plummer* v. *Kaag* (1966), 141 Ind. App. 142, 219 N.E.2d 917; and *Wilkinson* v. *Ritzmann* (1973), 158 Ind. App. 186, 301 N.E.2d 847.

The reason for such a rule has been succinctly stated by our Supreme Court:[5]

> "While a wrongdoer is concealing from an injured person his wrongful act, the law will not, through a statute of limitations, strip the injured party of his remedy against the wrongdoer."

The exception, however, is narrow. The fraudulent conduct must be an efficient cause of the failure to timely commence the action, and the other elements entitling the party to equitable relief must be present.[6]

---

4. IC 1971, 34-1-2-9 (Burns Code Ed.).

5. Justice Arterburn speaking for the court in *Guy* v. *Schuldt* (1956), 236 Ind. 101, 107; 138 N.E.2d 891, 894.

6. In *Shipman* v. *Shipman* (1934), 99 Ind. App. 445, 192 N.E. 849, fraudulent concealment regarding a guardian's final account would not extend the statute where the plaintiffs learned of the fraud nearly a year before the three year statute in question expired. While in *Bartlett* v. *Manor, supra,* the alleged fraudulent concealment of a second will would not remove the bar of the statute where it was not asserted for more than thirty years after probate and the administration of the estate.

Accordingly, as there is no allegation in the present case that the purported fraud had any relationship to the late commencement of the action, the appellant must fail unless the motion to dismiss was improvidently sustained.

In *American States Insurance Company* v. *Williams* (1972), 151 Ind. App. 99, 278 N.E.2d 295, we aligned ourselves with those jurisdictions permitting the statute of limitations to be raised by motion to dismiss where the complaint showed upon its face that it was filed subsequent to the running of the statute. It has also been used to raise the statute of limitations in a will contest. *Wilkinson* v. *Ritzmann, supra.*

If the party opposing the motion desires to present an avoidance of the statute, he may, under TR. 12(B), offer to the court matters outside the pleading. If the court permits their consideration, the proceedings will then be treated as one for summary judgment. As an alternative, the party may exercise his right to amend in the event the motion is sustained. The appellant here did neither, and the decision of the trial court was proper.

The judgment is affirmed.

Hoffman, C.J. and Staton, J., concur.

NOTE.—Reported at 308 N.E.2d 424.