**In the Matter of the ESTATE OF Jack L. TROXEL, Deceased,**

**Kevin R. Troxel and Rick L. Troxel, Appellants–Petitioners,**

**v.**

**Joanne K. Troxel, Appellee–Respondent.**

**No. 71A04–9904–CV–162.**

Court of Appeals of Indiana.

Dec. 14, 1999.

Rehearing Denied Feb. 21, 2000.

Paul T. Cholis, South Bend, Indiana, Attorney for Appellants.

Randy J. Spitaels, Loren R. Sloat, Kindig & Sloat, Nappanee, Indiana, Attorneys for Appellee.

## OPINION

NAJAM, Judge

### STATEMENT OF THE CASE

Some five years after her husband's death, Joanne K. Troxel ("Joanne") successfully petitioned to probate his will to secure her title to a tract of land. Kevin R. and Rick L. Troxel (the "Troxels"), the decedent's sons from a former marriage,

petitioned for revocation of probate on the ground that the will had been probated beyond the three-year period provided by statute. The court dismissed their petition as an untimely will contest. The Troxels appeal, raising two issues which we restate as:

1. Whether the trial court erred when it admitted the decedent's will to probate more than three years after the decedent's death.[1]

2. Whether the Troxels' only remedy to contest the probate court's jurisdiction was to file a will contest within five months of the order admitting the decedent's will to probate.

We reverse and remand with instructions.

### FACTS

Jack L. Troxel, a resident of St. Joseph County, died testate on September 26, 1992. Joanne, his second childless spouse, and the Troxels are his only heirs. The decedent devised his entire estate to Joanne, including the tract on which the marital residence was located.

The residence was destroyed by fire in December of 1996. When Joanne sought a permit to re-build, she learned that the property was titled in the decedent's name alone. On July 29, 1997, Joanne then filed her Petition for Probate of Will and Issuance of Letters in the St. Joseph Probate Court. On the same day, the court admitted the will to probate and appointed Joanne as personal representative of the estate. Notice of administration of the estate was published in the *Mishawaka Enterprise*. Ten months later, Joanne filed her Final Account. On June 19, 1998, after publication of notice in the same newspaper, the court approved Joanne's final accounting, closed the estate and discharged Joanne as personal representative.

---

1. In their motion to correct error, the Troxels for the first time raised a constitutional due process claim. Parties may not raise an issue for the first time in their motion to correct

error. *Catellier v. Depco, Inc.,* 696 N.E.2d 75, 77 (Ind.Ct.App.1998). Thus, we do not consider that issue.

On August 11, 1998, two months after the court had closed the decedent's estate and thirteen months after the court had probated the decedent's will, the Troxels filed a Petition to Reopen Estate and for Revocation of Probate of Will alleging that probate of the will was barred because there had been no administration of the estate within three years of the decedent's death. Joanne moved to dismiss the action under Indiana Trial Rule 12(B)(6). Following a hearing, the court dismissed the Troxels' petition as an untimely will contest. The court denied the Troxels' motion to correct error, and they now appeal.

## DISCUSSION AND DECISION

### Issue One: Probate of Will

■ The Troxels contend that the probate court erred when it denied their petition to reopen the estate and revoke its order of probate. Specifically, the Troxels argue that the court was without jurisdiction to grant Joanne's petition to probate the decedent's will after three years. The jurisdiction of a court to grant letters testamentary or letters of administration is derived from statutory law. *Overpeck v. Dowd*, 173 Ind.App. 610, 618, 364 N.E.2d 1043, 1049 (1977), *modified*, 173 Ind.App. 610, 368 N.E.2d 1175 (1977). The relevant statute provides:

> *If letters testamentary or of administration are not taken out upon a decedent's estate within three (3) years after the decedent's death, the will of the decedent shall not be probated.* However, in the case of an individual presumed dead under IC 29-2-5-1, the three (3) year period commences with the date the individual's death has been established by appropriate legal action.

IND.CODE § 29-1-7-15.1(d).

■■ The statute states that a will "shall not be probated" if letters are not taken out within three years after the decedent's death. The word "shall" used in the statute is presumed to be mandatory unless it is clear from the context that the General Assembly intended otherwise. *Murray v. Hamilton County Sheriff's Dep't*, 690 N.E.2d 335, 340 (Ind.Ct.App. 1997). We may consult the report of the Indiana Probate Code Study Commission to determine the underlying reasons, purposes and policies of the Indiana Probate Code, and we may use that report as a guide in its construction and application. IND.CODE § 29-1-1-4; *Frances Slocum Bank and Trust Co. v. Estate of Martin*, 666 N.E.2d 411, 414 n. 5 (Ind.Ct.App.1996), *trans. denied*. In its report, the Probate Code Study Commission explained that the purpose of Indiana Code Section 29-1-7-15.1(d) is to "limit the time for probate of a will in all events where there has been no administration." PART II, INDIANA PROBATE CODE STUDY COMMISSION REPORT 33 (1952). The Commission continued:

> This subsection [29-1-7-15.1(d) ] *bars* the probate of any will after three years from the date of the decedent's death where no letters of administration have been granted upon his estate. It is new in the sense that it is *definite and absolute*. Our present statutes (Burns', Sec. 6-1106 and 7-402) make all wills ineffective as far as creditors are concerned unless probated within three years from the decedent's death, while this section makes it *ineffective as to everyone*.

*Id.* (emphasis added).

■ These comments show that Indiana Code Section 29-1-7-15.1(d) bars tardy probate by devisees. DEBRA A. FALENDER, 1 *HENRY'S* INDIANA PROBATE LAW & PRACTICE § 60, at 248-49 (8th ed. 1989) [hereinafter *HENRY'S* INDIANA PROBATE].[2]

---

**2.** However, as Professor Falender observed: It is inaccurate to conclude that all wills must be probated within three years of death, because I.C. 29-1-7-15.1(a) may ex-

tend the time for probate well beyond three years. If administration of an intestate estate is opened within three years after death, the will may be probated at any time

Thus, when no letters of administration have been issued, the petition for probate must be filed within the three-year statutory period before the probate court has jurisdiction to act on an estate. *See* Matthew Bender, 2 INDIANA ESTATE PLANNING AND PROBATE PRACTICE §§ 31.30 (1999); *see also* HENRY'S INDIANA PROBATE § 404. When a court is without such jurisdiction, it possesses the power to do nothing except enter an order of dismissal. *Overpeck,* 173 Ind.App. at 619, 364 N.E.2d at 1049.

 The record reveals that Joanne did not commence probate proceedings until almost five years after her husband's death. Because she did not probate the will within the time permitted by Indiana Code Section 29–1–7–15.1(d), the court was without jurisdiction to grant her petition. The letters testamentary were not authorized by statute and were void at their inception. *See Overpeck,* 173 Ind.App. at 618, 364 N.E.2d at 1049 (citing *Chicago, I. & L. Ry. v. Hemstock,* 102 Ind.App. 654, 4 N.E.2d 677 (1936)). The probate court had no jurisdiction to admit the will when the petition showed on its face that it did not comply with statutory requirements. *See Estate of Cameron,* 142 Ind.App. 645, 652, 236 N.E.2d 626, 628 (1968).

### Issue Two: Will Contest

In a related issue, the Troxels assert that the probate court erred when it dismissed their petition for revocation of probate because they had not filed a will contest within the five-month time period permitted by statute. The question presented is whether a will contest under Indiana Code Section 29–1–7–17 is the only means by which the Troxels could challenge the court's jurisdiction to probate their father's will. The statute provides:

> before the decree of final distribution of that estate.
>
> HENRY'S INDIANA PROBATE § 404, at 190.

**3.** The term "interested persons" is defined as "heirs, devisees, spouses, creditors, or any

*Any interested person may contest the validity of any will in the court having jurisdiction over the probate of the will within five (5) months after the date of the order admitting the will to probate by filing in the court the person's allegations in writing verified by affidavit, setting forth:*

> (1) the unsoundness of mind of the testator;
>
> (2) the undue execution of the will;
>
> (3) that the will was executed under duress or was obtained by fraud; or
>
> (4) *any other valid objection to the will's validity or the probate of the will.*

The executor and all other persons beneficially interested in the will shall be made defendants to the action.

IND.CODE § 29–1–7–17 (emphasis added).[3] Joanne insists that the language, "any other valid objection to . . . the probate of the will," found in Indiana Code Section 29–1–7–17(4), applies to the Troxels' petition. Thus, she argues, the court properly dismissed their petition filed thirteen months after the order admitting the will to probate.

 Our duty when construing a statute is to ascertain and give effect to the legislative intent. *Hoosier Envtl. Council v. Department of Natural Resources,* 673 N.E.2d 811, 815 (Ind.Ct.App.1996), *trans. denied.* It is well established that statutes must be read as a whole. *Id.* A proper interpretation of any particular section of a statute results only when the words in that section are considered in the context of the entire statute. *Stump v. Indiana Equip. Co.,* 601 N.E.2d 398, 401 (Ind.Ct.App. 1992), *trans. denied.*

 Indiana Code Section 29–1–7–17 provides that a will contest must be filed "in the court having jurisdiction over the others having a property right in or claim against the estate of a decedent being administered." IND.CODE § 29–1–1–3.

probate of the will." *Id.* As stated previously, the Troxels challenge the St. Joseph Probate Court's jurisdiction to ·grant Joanne's petition to probate her husband's will and issue letters testamentary. "Jurisdiction" has been described as "the legal power, as distinguished from the right, to entertain any matter or proceeding, and to act therein." *State ex rel. Wilson v. Howard Circuit Court,* 237 Ind. 263, 267, 145 N.E.2d 4, 6 (1957). As Judge Garrard, writing for this court, reasoned:

> It is well recognized that lack of jurisdiction of subject matter may be raised at any time. In fact, if it appears, it is the duty of the court *sua sponte* to both raise and determine the question. This rule applies not only to general subject-matter jurisdiction involving the authority of the court to determine the kind of case in question, *but also to the specific jurisdictional averments necessary to the maintenance of special statutory proceedings.*

*Squarcy v. Van Horne,* 163 Ind.App. 64, 67, 321 N.E.2d 858, 859–60 (1975) (emphasis added). Thus, a judgment may be void for want of a court's statutory authority to render the particular judgment even though the court may have had subject matter jurisdiction over the general class of cases into which the case belongs and over the parties. *See, e.g., Carter v. Allen,* 631 N.E.2d 503 (Ind.Ct.App.1994); *Schoffstall v. Failey,* 180 Ind.App. 528, 389 N.E.2d 361 (1979); *Stayner v. Bruce,* 123 Ind.App. 467, 110 N.E.2d 511 (1953); *see also Cameron,* 142 Ind.App. at 652, 236 N.E.2d at 628 (probate court with jurisdiction over estate and parties may nonetheless be without jurisdiction to probate patently defective will).

The trial court's order entered on July 29, 1997, states that the decedent died on September 26, 1992. It is apparent from the court's order that Joanne's petition was untimely as a matter of law. While the Troxels could have raised this challenge in a will contest, that was not their exclusive remedy.

In a similar case, the probate court had admitted a purported codicil to probate even though it was apparent that the document had not been properly executed. *Cameron,* 142 Ind.App. at 648, 236 N.E.2d at 628. The proponent of the codicil argued that the "codicil" could not be collaterally attacked outside the will contest statute. *Id.* at 652, 236 N.E.2d at 628. We disagreed and stated that when an order admitting a will to probate is void on its face, it may be attacked at any time. *Id.* (citation omitted).

■ As in *Cameron,* we hold that the Troxels were not barred by the period allowed for a will contest under Indiana Code Section 29–1–7–17. In this case, after more than three years without administration of the decedent's estate, the will was unenforceable, and title to the real estate vested in the decedent's heirs-at-law by operation of law. *See* IND.CODE § 29–1–7–24 (generally, no will is effective to prove title to real or personal property until it has been admitted to probate); *Henry's* INDIANA PROBATE § 404 (after three years without administration of an estate, heirs' title to real and personal property is indefeasible as against devisees). The subsequent untimely probate of the will could not divest the heirs of their title. The probate court erred when it dismissed the Troxels' petition as an untimely will contest. Joanne and the Troxels take their interest in the real property as heirs-at-law. *See* IND.CODE § 29–1–2–1.

## CONCLUSION

We hold that while the trial court had subject matter jurisdiction, it was without jurisdiction to probate the decedent's will after the three-year statutory period had expired and that a will contest was not the only remedy to challenge the court's jurisdiction. The probate order was barred as a matter of law when it was entered, and the petition to revoke that order should have been granted. Title to the real estate vested in the decedent's heirs when an

estate had not been opened within three years after the decedent's death, and the untimely probate of the decedent's will could not divest the heirs of their statutory interest. We reverse and remand with instructions for proceedings consistent with this opinion.

Reversed and remanded with instructions.

STATON, J., and RUCKER, J., concur.